IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.; CENTER FOR FOOD SAFETY; ANIMAL LEGAL DEFENSE FUND; FARM SANCTUARY; FOOD & WATER WATCH; GOVERNMENT ACCOUNTABILITY PROJECT; FARM FORWARD; and AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS<br><br>    Plaintiffs,<br><br>    v.<br><br>JOSH STEIN, in his official capacity as Attorney General of North Carolina, and LEE H. ROBERTS, in his official capacity as Interim Chancellor of the University of North Carolina-Chapel Hill,<br><br>    Defendants,<br><br>    And<br><br>NORTH CAROLINA FARM BUREAU FEDERATION, INC.,<br><br>    Intervenor-Defendant. | 1:16CV25 |

**ORDER ON JOINT MOTION FOR ENTRY OF JUDGMENT
REGARDING FEES AND COSTS**

    The State Defendants, Joshua H. Stein, Attorney General, and Lee H. Roberts, Interim Chancellor of the University of North Carolina at Chapel Hill, and Plaintiffs have informed the court that they have agreed to settle Plaintiffs' claims for attorneys' fees and costs in this matter for an amount totaling $884,987.00.

(Doc. 189.) The parties have moved jointly for entry of judgment in that amount. (Id.)

Plaintiffs filed this action seeking to declare unconstitutional North Carolina's Property Protection Act, North Carolina General Statute § 99A-2, pursuant to 42 U.S.C. § 1983. On June 12, 2020, this court granted in part and denied in part the parties' cross-motions for summary judgment, largely declaring portions of the law unconstitutional as applied and, in some cases, facially.[1] (Docs. 138, 139.) On August 10, 2020, Plaintiffs timely submitted a motion for attorneys' fees and a bill of costs. (Docs. 154-56.) Pursuant to this court's suggestion (Doc. 161), Plaintiffs and the State Defendants subsequently jointly moved to stay adjudication of fees and costs pending the outcome of an appeal (Doc. 166), which the court granted (Doc. 167).

On February 23, 2023, the Fourth Circuit Court of Appeals affirmed this court's judgment to the extent it found the act unconstitutional as applied and reversed to the extent it found portions unconstitutional facially, finding instead they were unconstitutional as applied. (Docs. 171, 172.)

Thereafter, with Defendants' consent, Plaintiffs subsequently moved in the Fourth Circuit to transfer all attorneys' fees and

---

[1] The court had earlier dismissed the case for lack of standing (Docs. 49, 50), which the Fourth Circuit subsequently reversed and remanded (Docs. 56, 57).

2

costs issues related to the appeal to this court. The Fourth Circuit granted that request. (Doc. 173.) While Defendants considered further appellate options, the parties sought to stay any additional briefing on attorneys' fees and costs until the time to seek a petition for writ of certiorari from the United States Supreme Court expired, certiorari was denied, or the Supreme Court resolved the issues presented to it. (Doc. 177.) This court granted that motion. (Doc. 178.)

Defendants sought certiorari (Docs. 179, 180), but those petitions were denied on October 16, 2023 (Docs. 181, 182).

The parties then returned to this court on the fees issue, requesting several extensions of time (Docs. 183, 184, 184, 185, 187) before presenting the court with a joint motion for entry of judgment regarding fees and costs (Doc. 189). The parties report that they worked to settle the issue of fees and costs, with Plaintiffs providing State Defendants updated fee and cost information in October 2023 and State Defendants seeking, with consent, extensions in order to make an offer in response. The parties now state that they have reached a negotiated settlement to resolve the amount of the attorneys' fees, expenses, and costs. (Doc. 189.) Accordingly, they seek an order in favor of Plaintiffs against the State Defendants to resolve issues of attorneys' fees and expenses and Plaintiffs' costs in the amount of $884,987.00.

(Id.) Because they did not update their earlier filing supporting their fee and expenses request, the court ordered that they do so. (Doc. 190.) The parties have since updated their application. (Doc. 191.)

Plaintiffs maintain in their recent filing that the court need not review the reasonableness of the fee award because the parties have separately agreed to it. (Doc. 191 at 10.) However, they nevertheless ask the court to enter a "judgment" enforcing the award pursuant to 42 U.S.C. § 1988, which entitles the prevailing party to recover "a reasonable attorney's fee as part of the costs," as well as expenses. 42 U.S.C. § 1988(b).

Attorneys' fees and costs are awardable under § 1988 to a prevailing party in the litigation, recognizing and encouraging competent counsel to take on cases that will vindicate civil rights and discourage future violations. See Hensley v. Eckerhart, 461 U.S. 424, 429 (1983); City of Riverside v. Rivera, 477 U.S. 561, 574- 75 (1986). As Plaintiffs note, "Ideally, of course, litigants will settle the amount of a fee," as the parties have here. Hensley, 461 U.S. at 437. Even where there is agreement, however, the authority within this circuit does not suggest that the court is relieved of its responsibility to review the agreed upon award to ensure its statutory compliance where the parties seek to impose the court's imprimatur, through judgment or order, on their

4

agreement.  The parties are of course free to resolve their attorneys' fee dispute without court involvement.  But where the parties involve the court in the entry of a fee award, the statute constrains the court to providing relief only to a "prevailing party, other than the United States," and in the form of "a reasonable attorney's fee."  42 U.S.C. § 1988(b).  Put differently, the court has an obligation to ensure the propriety and reasonableness of the award sought.  See In re Abrams & Abrams, P.A., 605 F.3d 238, 243 (4th Cir. 2010) (discussing the court's obligation to limit even agreed upon attorney's fees to a reasonable amount in the fee shifting context of 42 U.S.C. § 1988); Bergstrom v. Dalkon Shield Trust (In re A.H. Robins Co.), 86 F.3d 364, 373 (4th Cir. 1996) ("[T]he law of this circuit has long been clear that federal district courts have inherent power and an obligation to limit attorneys' fees to a reasonable amount."); Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978) (evaluating a fee-shifting attorney fee for reasonableness). Therefore, because the court is being asked to approve the agreed upon statutory award, the court will discharge its obligation.

Plaintiffs are prevailing parties within the meaning of § 1988 and are thus eligible to receive an award of attorneys' fees and costs.  "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship

5

between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff," which has plainly taken place here. Farrar v. Hobby, 506 U.S. 103, 111-12 (1992). Here, Plaintiffs have clearly prevailed on their claims.

In considering what would be a reasonable award to a prevailing party, the court engages in a three-step process. See Mercer v. Duke Univ., 401 F.3d 199, 203 (4th Cir. 2005). First, it calculates the "lodestar" rate, which is simply the number of hours reasonably worked multiplied by a reasonable rate. Hensley, 461 U.S. at 433. The lodestar provides "an objective basis on which to make an initial estimate of the value of a lawyer's services." Id. To determine what is reasonable in terms of hours expended and rate charged, the court applies the twelve factors set forth in Johnson v. Georgia Highway Express Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013). The Fourth Circuit has articulated these factors as follows:

> (1) the time and labor required in the case, (2) the novelty and difficulty of the questions presented, (3) the skill required to perform the necessary legal services, (4) the preclusion of other employment by the lawyer due to acceptance of the case, (5) the customary fee for similar work, (6) the contingency of a fee, (7) the time pressures imposed in the case, (8) the award involved and the results obtained, (9) the experience, reputation, and ability of the lawyer, (10) the undesirability of the case, (11) the nature and length of the professional relationship between the lawyer and

6

the client, and (12) the fee awards made in similar
cases.

In re Abrams & Abrams, P.A., 605 F.3d at 244. Second, the court subtracts any fees incurred on unsuccessful claims that are unrelated to successful ones. Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 244 (4th Cir. 2009). Third, it considers adjusting the lodestar rate upward or downward based on the measure of success achieved by the Plaintiffs. Hensley, 461 U.S. at 434. While the court has discretion in calculating an award, "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Id. at 429 (internal citation and quotations omitted). In that sense, therefore, the court's discretion is "narrow." N.Y. Gaslight Club v. Carey, 447 U.S. 54, 68 (1980). This narrowing serves the important public policy of "facilitating access to judicial process for the redress of civil rights grievances." Brandon v. Guilford Cnty. Bd. of Elections, 921 F.3d 194, 198 (4th Cir. 2019).

The court has reviewed the parties' filings supporting the requested award. Here, Plaintiffs appear to have invested at least 1,909.64 hours in the case[2] after two successful appeals to the

---

[2] Plaintiffs do not provide a finite number of hours for which they are seeking compensation. However, in their original petition for fees prior to appeal, Plaintiffs sought fees for a total of 1,488.19 hours (Doc.

7

Fourth Circuit and Defendants' and Intervenors' unsuccessful petition for certiorari. (See Doc. 191 at 4-6.) They also note that their rates sought as part of the settlement range from $151.25 to $665.50 an hour, the reasonableness of which Defendants do not contest. (Id. at 7-8.) The court has independently reviewed the hourly rates for each timekeeper and finds them to be reasonable. The reasonableness of the attorneys' fee and expense award is further demonstrated by the willingness of the Defendants to negotiate it to the amount now agreed to by all parties after extensive discussions.

Plaintiffs' counsel are experienced in prosecuting such claims as these. The case spanned some eight years, with two appeals in which Plaintiffs prevailed. The issues raised were novel and difficult, and Plaintiffs ultimately obtained success on

---

156-1 at 8), which they have since supplemented with a request for an additional 421.45 hours that was expended on the post-judgment appeal and petition for certiorari (Doc. 191 at 5). Plaintiffs note that these are the settled upon amounts and reflect a substantial reduction in the time actually spent on the case, as (1) they made whole cuts of several timekeepers and took 15% reductions to both lead counsel's time spent briefing and the lead associate's time spent during the initial litigation stage; (2) they negotiated with Defendants for fewer hours than actually worked, took another 15% reduction in lead counsel's time, and wrote off all time spent on the unsuccessful cross appeal at the court of appeals stage; (3) they similarly negotiated with Defendants for fewer hours than actually worked, took a third 15% reduction in lead counsel's time, and waived time spent by Professor Jeffrey Fisher, head of the Stanford Law School Supreme Court Litigation Clinic and member O'Melveny and Meyers' Supreme Court and Appellate Litigation Group, at the certiorari stage; and (4) they waived all additional time spent seeking fees. (Id. at 4-6.)

8

substantially all claims raised. Having considered all factors applicable here, the court finds the agreed upon attorneys' fee request to be reasonable.

In addition, "a prevailing plaintiff is entitled to compensation for reasonable litigation expenses" along with the attorney's fees under § 1988. Daly v. Hill, 790 F.2d 1071, 1084 (4th Cir. 1986). "Reasonable litigation expenses include such expenses as 'secretarial costs, copying, telephone costs and necessary travel.'" Certain v. Potter, 330 F. Supp. 2d 576, 591 (M.D.N.C. 2004) (quoting Trimper v. City of Norfolk, Va., 58 F.3d 68, 75 (4th Cir. 1995)).

The court has separately reviewed the request for expenses as part of costs, as allowable by statute. Plaintiffs seek $20,073.38 in expenses, which include legal research fees, filing fees, postage, copies, transportation, and lodging costs. (Doc. 191.) These are all compensable statutorily and reasonable in light of the litigation.

For those reasons and for good cause shown in the joint motion,

IT IS HEREBY ORDERED that, as agreed to by the parties, the State Defendants shall pay Plaintiffs Eight Hundred and Eighty-Four Thousand and Nine Hundred and Eighty-Seven dollars ($884,987.00), which resolves all claims as to attorneys' fees,
9

expenses, and costs in this matter.

IT IS FURTHER ORDERED that Defendants' motion for disallowance of costs (Doc. 158) is DENIED AS MOOT.

        /s/   Thomas D. Schroeder
United States District Judge

May 17, 2024